CULPEPPER, Judge.
This is a suit for damages for personal injuries arising out of an automobile collision. Plaintiffs are Edward Zeno, driver of one vehicle, and his passenger, Henry Simpson. Defendants are Hampton M. Boudreaux, driver of the other vehicle, and his liability insurer, Great American Insurance Company of New York. From an adverse judgment on the merits, defendants appeal.
The substantial issue on appeal is whether the collision occurred according to plaintiffs’ or defendants’ version of the facts.
The accident occurred on a cold rainy night in the city of Rayne, Louisiana. Branch Street runs east and west and is intersected on the north by Arenas Street, forming a “T” intersect. Stop signs give Branch Street the right of way. There is a night club located on the northeast corner of the intersection and, on the night in question, many cars were parked along both sides of Branch Street, leaving only a narrow space for vehicles to proceed.
Plaintiffs’ version of the accident is as follows: Zeno was driving east on Branch Street at a speed of approximately 25 MPH. When he reached a point about 25 feet from the intersection, the defendant motorist suddenly pulled out of Arenas Street and turned left directly into Zeno’s path. Zeno immediately applied his brakes but was unable to avoid a collision. The front portion of the Zeno vehicle struck the right rear of the Boudreaux automobile.
The defendant motorist gave this version: He was proceeding in a southerly direction on Arenas Street and stopped for the stop sign at the intersection. Seeing no vehicles approaching from either direction, he proceeded into the intersection, turned to the left and drove across to an empty parking space on the south side of Branch Street, a few feet east of the intersection. Boudreaux said he stopped his vehicle in the empty parking space with the front portion at the south edge of Branch Street and the rear angling back into the street at about 45 degrees, intending to back up into a position parallel to the south side of Branch Street. He said that at the time he stopped he was 15 to 20 feet from the intersection. It is Boudreaux’s contention that he was stopped in this position when he was struck from the rear by plaintiff’s vehicle.
The trial judge, who saw and heard the witnesses, found as a fact that the accident happened as described by the plaintiff, Zeno. The judge pointed out that Zeno’s version is corroborated by his passenger, Henry Simpson. Also, defendant’s own witness, Rodney Henry, who was driving a vehicle immediately behind Boudreaux, testified that when Boudreaux proceeded into the intersection he could see the lights of the approaching Zeno automobile a short distance away. It is true that Rodney Henry’s testimony is somewhat equivocal as to exactly how far the Zeno vehicle was from the intersection at the time Boudreaux pulled out. However, we agree with the trial judge that, construing Rodney Henry’s testimony as a whole, it is to the effect that the Zeno vehicle was at an unsafe distance from the intersection when Boudreaux drove into it.
A physical fact which corroborates Zeno’s version of the accident is that after the collision the two vehicles came to rest very near a “double stop sign” which is located on the south side of Branch Street immediately opposite Arenas Street. This would tend to show that the point of impact was in or very near the intersection.
Under the facts as we have found them, the defendant motorist was negligent in failing to see the approaching Zeno automobile and proceeding past a stop sign into the intersection at a time when the Zeno vehicle was so close as to constitute an immediate hazard. LSA-R.S. 32:123.
*564 Furthermore, the defendant’s special plea of contributory negligence is without merit. The evidence does not show that Zeno was exceeding the speed limit or driving at an excessive speed under the circumstances. He saw the Boudreaux automobile as soon as he could be required to do so and he immediately applied his brakes but could not avoid the collision.
The next issue is quantum. The trial judge awarded Zeno $2,500 and Simpson $1,000 in general damages. Defendants contend these awards are excessive. Plaintiffs answered the appeal and assert that they are inadequate.
The accident occurred on February 15, 1966. Zeno, a negro male 30 years of age, was thrown forward, his chest striking the steering wheel and his head breaking the windshield. At the hospital his injuries were originally diagnosed by Dr. Phillip Pupera as bruises to the chest and forehead, headaches and neck pain, and injuries to the left knee and left ankle. There were no fractures. He was discharged from the hospital after two days but continued to see Dr. Pupera periodically for headaches, dizziness and swelling of the left ankle and left knee. The last visit to Dr. Pupera was August 18, 1966.
Zeno was also seen by Dr. William L. .Zink, a general surgeon, on March 19, 1966. He found tenderness in the ankle and swelling in the knee. It was Dr. Zink’s opinion that Zeno would recover completely within about 6 weeks.
On November 8, 1966, Zeno saw Dr. Charles Hatchett, an orthopedic surgeon. His examination was essentially negative for any residuals.
Under the circumstances, we find the award of $2,500 to Zeno was well within the range of the trial judge’s much discretion as to quantum.
Henry Simpson, a negro male who worked as a bartender, received a bruise and laceration of the nose. The wound was dressed and closed with 4 sutures. He was discharged from the hospital the same day as the accident. Except for complaints of headaches, recovery was uneventful. The laceration left a scar which the trial judge described as “extending along the bridge of the nose for about one inch which was not particularly disfiguring.”
The award of $1,000 to Simpson in general damage was clearly within the range of the trial judge’s discretion.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the defendants appellants.
Affirmed.